**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAJANI K. KANTH,

        Petitioner-Appellant,

v.

COREY LEIGH KANTH,

        Respondent-Appellee.

No. 99-4246
(D.C. No. 99-CV-532-C)
(D. Utah)
79 F. Supp. 2d 1317

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is taken from an order of the district court denying petitioner's petition under the International Child Abduction Remedies Act, 42 U.S.C.

---

*　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§§ 11601-11610 (ICARA), and the Hague Convention on the Civil Aspects of International Child Abduction. The underlying facts are adequately outlined in the district court's decision. See Kanth v. Kanth, 79 F. Supp. 2d 1317 (D. Utah 1999).

The purpose of the Hague Convention is to secure the prompt return of children who have been wrongfully removed or retained in order that the court of the country in which the children habitually reside can make a custody determination. See id. at 1321. The petitioner is obligated to show, by a preponderance of the evidence, that the retention or removal is wrongful. See Shalit v. Coppe 182 F.3d 1124, 1128 (9th Cir. 1999) (citing 42 U.S.C. § 11603(e)(1)); In re Prevot, 59 F.3d 556, 560 (6th Cir. 1995) (same). A removal or retention is wrongful if it breaches a person's custody rights under the law of the state in which the child was habitually resident immediately prior to the removal or retention and at the time of the removal or retention those rights were actually exercised. See Lops v. Lops, 140 F.3d 927, 935 (11th Cir. 1998) (citing Article 3 of Hague Convention); Ohlander v. Larson, 114 F.3d 1531, 1534 (10th Cir. 1997) (same). The term "habitual residence" is not defined by either the Hague Convention, see Rydder v. Rydder, 49 F.3d 369, 373 (8th Cir. 1995), or the ICARA. See Prevot, 59 F.3d at 560. Rather a child's habitual residence is defined by examining specific facts and circumstances and is a term courts should

not interpret technically or restrictively. See Zuker v. Andrews, 2 F. Supp. 2d 134, 136-37 (D. Mass. 1998), aff'd, 181 F.3d 81 (1st Cir. 1999) (table); see also Harkness v. Harkness, 577 N.W. 2d 116, 121 (Mich. Ct. App. 1998) ("determination of 'habitual residence' depends largely on the facts of the particular case"). Although it is the child's habitual residence that the court must determine, in the case of a young child [1] the conduct, intentions, and agreements of the parents during the time preceding the abduction are important factors to be considered. See Feder v. Evans-Feder, 63 F.3d 217, 223 (3d Cir. 1995); see also Pesin v. Osorio Rodriguez, 77 F. Supp. 2d 1277, 1285 (S.D. Fla. 1999) (court would focus on parents' actions and shared intentions where children were four and six at time of alleged wrongful retention). In addition

> [T]here must be a degree of settled purpose. The purpose may be one or there may be several. It may be specific or general. All that the law requires is that there is a settled purpose. That is not to say that the propositus intends to stay where he is indefinitely. Indeed his purpose while settled may be for a limited period. Education, business or profession, employment, health, family or merely love of the place spring to mind as common reasons for a choice of regular abode, and there may well be many others. All that is necessary is that the purpose of living where one does has a sufficient degree of continuity to be properly described as settled.

Feder, 63 F.3d at 223 (quotation omitted).

---

[1] At the time the Kanth children were removed from Australia by their mother and taken back to Utah, they were six and three years old.

The district court used these definitions along with an analysis of the children's circumstances and the parents' shared intentions regarding their children's presence in Australia in determining that their habitual residence before being taken to the United States in 1999 was not Australia. The district court's factual finding that Australia was not the habitual residence of the children is not clearly erroneous. See Harkness, 577 N.W. 2d at 124. Therefore the legal conclusion that their removal to Utah was not wrongful necessarily follows. See Osorio Rodriguez, 77 F. Supp. 2d at 1286 (on finding that parents lacked shared intent that children stay in Florida, court concluded that Venezuela was habitual residence immediately before date that family had intended to depart Florida); Levesque v. Levesque, 816 F. Supp. 662, 665 (D. Kan. 1993) ("Removal or retention of a child can be wrongful only if the removal or retention is from the habitual residence of the child."); Meredith v. Meredith, 759 F. Supp. 1432, 1434-35 (D. Ariz. 1991) (same).

Our review of the record persuades us that the district court's determination was correct. Insofar as petitioner's supplementary documentation in support of his opening brief was not before the district court, we have not considered it. Respondent's motion to file appellee's appendix is GRANTED. Any other outstanding motions are DENIED. Accordingly, for substantially the reasons

stated in  Kanth, 79 F. Supp. 2d 1317, the judgment of the United States District

Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge